# Third District Court of Appeal
## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1267
Lower Tribunal No. F98-2097B
_____

**Jonathan Sawyer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Andrea R. Wolfson, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Appellant, Jonathan Sawyer, challenges a life sentence imposed following an individualized resentencing hearing ordered pursuant to Graham v. Florida, 560 U.S. 48 (2010), Miller v. Alabama, 567 U.S. 460 (2012), and section 921.1401, Florida Statutes (2022). On appeal, Sawyer contends the trial court erred in failing to credit rehabilitation after conviction and affording little or no weight to youth and its attendant circumstances. As to the former assertion, the trial court holistically considered the rehabilitative testimony but simply gave it little weight and, in doing so, tacitly recognized that statutory resentencing factors are directed at the circumstances that existed at the time of the original sentencing. See Falcon v. State, 341 So. 3d 386, 396 (Fla. 1st DCA 2022) (Makar, J., concurring). "They do not include the wider range of factors related to rehabilitation and demonstrated maturity that are considered in a subsequent sentence review proceeding." Id.; see also § 921.1402(6)(a), Fla. Stat. (2022) ("[T]he court shall consider any factor . . . including . . . [w]hether the juvenile offender demonstrates maturity and rehabilitation."); Bellay v. State, 277 So. 3d 605, 608–09 (Fla. 4th DCA 2019) ("The question as to whether a juvenile *has* in fact been rehabilitated comes from section [921.1402], which applies to subsequent judicial review of a sentence. . . . For resentencing, [a]ppellant's 'performance in prison' was one part of the equation in considering . . . '[t]he

2

possibility of rehabilitating the defendant.'" (emphasis in original) (quoting § 921.1401(2), Fla. Stat.)); Calabrese v. State, 325 So. 3d 938, 942 (Fla. 5th DCA 2021) ("Rehabilitation is not the sole focus of section 921.1401.  Rather, it is one of the statutory factors to be considered at sentencing . . . .  In contrast to section 921.1401, evidence of rehabilitation and the juvenile's maturation play a much greater role in the subsequent sentence review hearing held pursuant to section 921.1402.").  Regarding the latter, a careful review of the detailed and reasoned order on appeal, along with the developed record of the proceedings below, yields the inescapable conclusion the trial court considered "[t]he defendant's age, maturity, intellectual capacity, and mental and emotional health at the time of the offense[,]" "[t]he effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant's participation in the offense[,]" and "[t]he effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment[,]" as required by section 921.1401(2), Florida Statutes.  Accordingly, we discern no error and affirm the order under review.

Affirmed.

3